# MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



FILED

Nov 14 2016, 9:00 am

CLERK
Indiana Supreme Court
Court of Appeals
and Tax Court

| ATTORNEY FOR APPELLANT | ATTORNEYS FOR APPELLEE |
|---|---|
| Michael R. Fisher<br>Indianapolis, Indiana | Gregory F. Zoeller<br>Attorney General of Indiana<br><br>James B. Martin<br>Deputy Attorney General<br>Indianapolis, Indiana |

# IN THE
# COURT OF APPEALS OF INDIANA

| | |
|---|---|
| Mario Kelly,<br>*Appellant-Defendant,*<br><br>v.<br><br>State of Indiana,<br>*Appellee-Plaintiff.* | November 14, 2016<br><br>Court of Appeals Case No.<br>49A05-1604-CR-853<br><br>Appeal from the Marion Superior Court<br><br>The Honorable Sheila A. Carlisle, Judge<br><br>The Honorable Stanley Kroh, Magistrate<br><br>Trial Court Cause No.<br>49G03-1510-F5-38133 |

**Altice, Judge.**

## Case Summary

[1] Following a jury trial, Mario Kelly was convicted of criminal recklessness as a Level 5 felony and carrying a handgun without a license as a class A misdemeanor. On appeal, Kelly argues that the State presented insufficient evidence to support his convictions.

[2] We affirm.

### Facts & Procedural History

[3] In July 2015, Kelly cheated on his girlfriend with Kristin Davis. On July 28, 2015, Davis told Kelly's girlfriend about her sexual encounter with Kelly and then informed Kelly that she had done so. Late that night or in the early morning hours of July 29, 2015, Davis was alone in her apartment when she heard someone outside. She tried to look through the peephole in her front door, but it was obstructed. When she looked again, the obstruction had been removed and she saw Kelly standing outside her front door. He did not knock or say anything, and after a few moments, he turned and walked away. Davis was frightened, so she called 911.

[4] While Davis was on the phone with the 911 operator, she saw Kelly standing at her back patio door. Again, he did not knock or say anything to her, but he put his hand up to his ear as if to communicate that he could not hear her. Davis told Kelly that she was not going to let him in, and he then went back to his car. Kelly sat in the car for a moment before pulling the car up to Davis's patio door. Kelly then began firing a gun into Davis's apartment. Davis hid behind a wall until the gunfire stopped, and she then climbed out a window and ran

down the street, where she found a police officer. Davis remained on the line with the 911 operator throughout the entire incident, and when police responded to the crime scene, they found three spent rounds and multiple bullet holes throughout Davis's apartment.

[5] As a result of these events, the State charged Kelly with Level 5 felony criminal recklessness and class A misdemeanor carrying a handgun without a license. The State also filed a separate information seeking an enhancement of the misdemeanor charge to a Level 5 felony based on Kelly's prior felony conviction. A jury trial was held on March 17, 2016, at the conclusion of which Kelly was found guilty of criminal recklessness and carrying a handgun without a license as a class A misdemeanor. After the jury rendered its verdict, the State dismissed the enhancement of the handgun charge. On April 1, 2016, the trial court sentenced Kelly to four years, with three years executed in the Indiana Department of Correction and one year served through community corrections. This appeal ensued.

## Discussion & Decision

[6] Kelly challenges the sufficiency of the evidence supporting his convictions. Our standard of review for sufficiency of the evidence claims is well settled. We consider only the probative evidence and reasonable inferences supporting the conviction. *Drane v. State,* 867 N.E.2d 144, 146 (Ind. 2007). We do not assess the credibility of witnesses or reweigh evidence, and we will affirm unless no reasonable fact-finder could find the elements of the crime proven beyond a

reasonable doubt. *Id.* It is not necessary that the evidence overcome every reasonable hypothesis of innocence; rather, the evidence will be found sufficient if an inference may reasonably be drawn from it to support the conviction. *Id.* at 147. "The uncorroborated testimony of one witness, even if it is the victim, is sufficient to sustain a conviction." *Whitener v. State*, 982 N.E.2d 439, 444 (Ind. Ct. App. 2013), *trans. denied*.

[7] Kelly does not argue that he had a valid license to carry a handgun, nor does he dispute that someone fired a handgun into Davis's apartment on the night in question. Instead, he challenges whether the State presented sufficient evidence to establish that he was the individual who did so. Specifically, Kelly argues that Davis "was absolutely incapable of making an identification of the shooter at a significant distance, at night and under poor lighting conditions." *Appellant's Brief* at 8. We will not indulge Kelly's blatant request to reweigh the evidence and judge the credibility of witnesses. Davis testified that she saw Kelly standing outside her front door and then outside her back patio door. She testified further that she saw Kelly leave her patio and get into his car, and that he then pulled his car up to her back door. Davis then heard gunshots. Davis testified that she could see the "flash" as the gun went off and that she saw Kelly behind the flash. *Transcript* at 132, 159. Davis's trial testimony was supported by the recording of the 911 call that was submitted into evidence, and one of the responding officers testified that the bullets had entered the apartment through the back patio door. Kelly's convictions were amply supported by the evidence.

[8]     Judgment affirmed.

[9]     Bradford, J. and Pyle, J., concur.